UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOHN GERALD TOMES, JR.,                                                                Plaintiff,

v.                                                             Civil Action No. 3:19-cv-P755-DJH

JEFF TYNDALL, et al.,                                                     Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff John Gerald Tomes, Jr., proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the action will be dismissed.

**I.**

Plaintiff names as Defendants two Oldham County Jail employees, Major Jeff Tyndall and Jailer Mike Simpson, as well as the Oldham County Jail. In his complaint, Plaintiff alleges that while he was a pretrial detainee housed at the Oldham County Jail on federal charges in this Court[1] Defendants denied Plaintiff access to an adequate law library in violation of his constitutional rights. He states that he was a pretrial detainee at the Oldham County Jail from September 20, 2016, until March 1, 2018, and that during that time there were no books pertaining to federal law. He states that he was told by Defendants Tyndall and Simpson "that they only needed to provide us with a phone to call our attorney." He states that during his pretrial detention he filed a number of motions "without the aide of a law library" and that once

---

[1] *United States v. Tomes*, 3:16-cr-113-JRW-2.

he was transferred to the federal prison he learned of "multiple arguments that I forfeited including two warrantless searches that were never challenged" among other things.

Plaintiff attaches various documents to his complaint which appear to concern or be part of Plaintiff's criminal case in this Court. Plaintiff also filed a "supplement" (Docket No. 7) to his complaint which consists of a statement from another inmate housed at the Oldham County Jail and various attached documents from 2016.

As relief, Plaintiff asks for monetary and punitive damages.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff claims that his constitutional rights were violated because the Oldham County Jail, where he was a pretrial detainee, did not have an adequate law library. According to his complaint, he stopped being a pretrial detainee on March 1, 2018. The complaint was signed on October 15, 2019. Under the "mailbox rule," this suit was filed on the date that Plaintiff states he tendered his complaint to prison officials for mailing. *See Aldridge v. Gill*, 24 F. App'x 428, 429 (6th Cir. 2001). For purposes of this initial review, the Court will presume that Plaintiff tendered the complaint to prison officials for mailing on the same date that he signed the complaint.

Section 1983 does not contain its own statute of limitations period, but it is well settled that constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

Though the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Collard v. Ky. Bd. of Nursing*, 896 F.2d at 183 (internal quotation marks and citation omitted). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002).

It appears to the Court from the allegations of the complaint that Plaintiff's § 1983 claims are time-barred because this action was not filed within the one-year limitations period.

Even if the statute of limitations does not bar Plaintiff's claims, the complaint fails to state a claim upon which relief may be granted. In the absence of a prison library, a pretrial detainee's right to access to the courts is fully protected by the appointment of counsel in the criminal case. *United States v. Manthey*, 92 F. App'x 291, 297 (6th Cir. 2004) (holding that as long as a prisoner has the assistance of counsel during a criminal trial, the denial of law-library privileges to that prisoner does not violate due process or impair his access to the courts); *Martucci v. Johnson*, 944 F.2d 291, 295 (6th Cir. 1991) (holding that the Constitution only requires an adequate law library or appointed counsel).

Plaintiff does not allege that he was denied counsel in his criminal case in this Court. And, as the Court's records reflect, Plaintiff was represented by counsel in his criminal case, *United States v. Tomes*, 3:16-cr-113-JRW-2.[2] Plaintiff, therefore, fails to state a claim regarding the Oldham County Jail's law library or his access to the courts.

## III.

For the foregoing reasons, by separate Order, the Court will dismiss this action.

Date:


cc: Plaintiff, *pro se*
 Defendants
4415.009

---

[2] The Court notes that Plaintiff, through counsel, filed a 28 U.S.C. § 2255 motion in his criminal case, which is still pending. *United States v. Tomes*, 3:16-cr-113-JRW-2, DN 226. That motion includes claims that trial counsel were ineffective.